(No. 37472.—

KENNETH F. MARTIN *et al.,* Appellees, *vs.* THE CITY OF ROCKFORD, Appellant.

*Opinion filed March 22, 1963.*

WILLIAM E. COLLINS, of Rockford, for appellant.

WILLIAMS, McCARTHY & KINLEY, of Rockford, (JOHN R. KINLEY and ELMER C. RUDY, of counsel,) for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal by the defendant, City of Rockford, from a declaratory judgment holding the city's zoning ordinance unconstitutional and void as applied to plaintiffs' land.

The property in question is an irregular tract containing about ¾ of an acre with a frontage of 178.88 feet on the north side of the 3300 block of East State Street, a four-lane highway also designated as U.S. Route 20, in the

city of Rockford. Immediately to the east, extending northeast to Fairview Blvd., is a recreational strip and drainage way owned by the city, which occupies about one-half of the frontage on State between plaintiffs' property and Fairview. The drainage way known as Keith Creek is approximately 125 feet wide and crosses State Street at a considerable angle from northeast to southwest. It has a wide, flattened bed, and apparently is dry except during rains and then it carries a considerable volume of water.

The area west of the creek is zoned residential and is occupied almost exclusively by moderately priced homes; together with churches and schools which are permitted uses. The area east of the creek is zoned for local business. Gasoline stations, some of which remain open 24 hours a day, occupy the intersection of State and Fairview, and property further east has been intensively and solidly developed for business purposes within the past six or seven years.

The proposed use of the tract is for a one-story medical arts building to be occupied by six doctors as a clinic, including a parking lot providing space for 44 cars. Considerable detail evidence was presented regarding the type of construction and layout.

The factors to be considered and principles which govern in zoning cases are well known. As was said in *Exchange Nat. Bank of Chicago* v. *Village of Niles,* 24 Ill.2d 144, 147: "Dominant among these principles is the repeated doctrine that a zoning ordinance is presumed to be valid and that the burden is upon the person who attacks the validity to establish by clear and affirmative evidence that it is arbitrary."

To sustain this burden plaintiffs rely principally upon their economic loss. Their property is presently valued at $16,000 and their witnesses testified that it is worth from $30,900 to $34,000 if it can be used for the proposed improvement. As has been pointed out, increased value free

of zoning restrictions is usually the case. It is only one factor and is not of itself determinative. (*Bolger* v. *Village of Mount Prospect,* 10 Ill.2d 596; *Bennett* v. *City of Chicago,* 24 Ill.2d 270.) Plaintiffs introduced evidence of increasingly heavy traffic as affecting their property. The flow of traffic is no greater past their property than it is to the west, nevertheless development of the west area during the past ten years have been wholly residential, except for a church, and an extension to a motel. They complain that lights and sounds from the business district to the east are detrimental to their property. There are several answers to this. Most of the development of that district has been since plaintiffs acquired their property, but their property value then and now remains approximately the same for residential purposes. Furthermore, if this argument prevailed, it would apply to practically any property on the periphery of a residental district which bordered on a business district.

As was said in the Bolger case: "The fixing of boundary lines, unless arbitrary or capricious, is a matter of legislative judgment which courts will respect. Necessarily, residential property immediately abutting the line will be less valuable * * *. But that affords no justification for the constant erosion of such boundaries." (p. 603.) The buffer strip, under control of the city for a recreational open space and waterway for runoff water via the creek flowing over it, is a logical and outstanding boundary line.

There is however one additional situation which deserves comment. Across State Street from the subject property and immediately west of Keith Creek is the Larson Motel. It consisted of 14 units and was a legal nonconforming use for many years prior to 1958. In that year, apparently to permit the owners to construct an additional eight units to the rear of their motel, the city rezoned the property to a business classification. By this action it broke the natural boundary and probably thereby brought on this litigation. Municipalities should accept

their responsibility of maintaining obvious and logical boundary lines between zoning districts, and not shift the burden to the courts. Despite the motel rezoning, which action is mitigated to some extent by the fact that the motel was a nonconforming use, we are of the opinion that in view of the solid developments on either side of Keith Creek, residential to the west and business to the east, the legislative judgment in the case before us was not arbitrary or capricious.

The judgment of the circuit court of Winnebago County is accordingly reversed.

*Judgment reversed.*