(No. 37978.—■■■■■■■■■)

La Salle National Bank, Trustee, Appellee, *vs.* The Village of Western Springs, Appellant.

*Opinion filed January 22, 1964.—Rehearing denied March 16, 1964.*

Charles L. Michod, of Chicago, for appellant.

O'Leary & Jacobson, and Maurice J. Nathanson, both of Chicago, (Allen Hartman, of counsel,) for appellee.

Mr. Justice Solfisburg delivered the opinion of the court:

A declaratory judgment was entered by the circuit court of Cook County finding that the R-1 (single family residential) classification of plaintiff's property rendered the zoning ordinance of the village of Western Springs void as applied to such property. The trial judge certified that the validity of a municipal ordinance was involved and that the public interest requires a direct appeal to this court.

The property involved consists of two vacant parcels. Parcel 1 comprises 6 lots of a depth of 185 feet and 100 feet of frontage each on Commonwealth Avenue to the west and abuts on Flag Creek to the east. Parcel 2 consists of 2 lots ranging in depth from 206 to 264 feet with 233 feet of frontage on the west side of Commonwealth and abutting

the east line of the Illinois Tollway. Flag Creek was widened, deepened and relocated by the tollway authorities in order to carry water from the tollway *via* an open drainage ditch down the center of 49th Street abutting the property on the north. Access to the property is from the east at 48th Street, thence south one block on Commonwealth across a large culvert spanning the 49th Street ditch. Water and sewer facilities have been available for many years. The streets have been dedicated but Commonwealth Avenue has never been improved. It is flanked on either side by large trees which were planted a number of years ago.

The village of Western Springs, with a population of about 12,000 lies immediately east of and adjacent to the tollway. It is bounded on the east by the village of La-. Grange and an unincorporated area of Cook County, on the west beyond the Tollway by the village of Hinsdale and on the south by a developed county subdivision. Over 90 per cent of Western Springs's developed land area is devoted to single-family residences. Within a radius of 2000 feet of plaintiff's property there are only single-family dwellings, schools and parks. Hinsdale to the west and Ridgewood subdivision to the east are developed with substantial single-family residences. The whole immediate area is zoned residential, except for a small strip along Commonwealth lying north of 48th Street which is zoned commercial but has never been improved with buildings.

Herbert G. Rhoads and wife and Clifford H. Lundin and wife, beneficial owners under the plaintiff trustee, acquired parcel 1 in 1958 and parcel 2 in 1956. The westerly part of lots 1 and 2 was condemned by the tollway authorities and the beneficial owners were paid $6944. An action is still pending in the circuit court for damages to the subject property resulting from construction of the tollway. Thereafter plaintiff sought an amendment of the zoning ordinance to permit the construction of 68 apartment units which would cover approximately 20% of the surface of the

land. The amendment was denied and this action followed.

No useful purpose will be served by detailing all the evidence in this record. The character and zoning of the area is almost exclusively residential and it has been so developed. Many homes have been constructed adjoining tollways in metropolitan Cook County, thereby indicating that adjacent tollways with their wide rights of way do not preclude residential development. The fact that this particular property has never been developed does not prove unsuitability. Rather, the record indicates that the land has always been low, swampy and subject to flood, and this has been remedied by improvements in drainage made by the tollway authorities.

According to the expert witness for the village, there will be a substantial loss to the public by depreciation of the value of nearby homes if the proposed apartment project becomes a reality. On the other hand, plaintiff's claim that the value of its land for apartment use is substantially in excess of the value for single-family residential development is not disputed. However the beneficial owners purchased the real estate with knowledge of the zoning and the proposed location of the tollway. In fact, Rhoads has been in litigation with the Tollway Commission since 1954. He was a party to two unsuccessful attempts to have the Tollway Act declared unconstitutional and he was involved in the condemnation action by which a portion of the lots making up parcel 2 was taken for the tollway right of way. As was aptly said in *Cities Service Oil Co.* v. *Lake County,* 26 Ill.2d 176, 181 : " any financial disadvantage that may result to the plaintiff from the denial of his petition is a self-created one. The plaintiff purchased this property with full knowledge of the zoning restrictions applicable thereto." The showing in this record fails to overcome the presumption of validity with which the zoning ordinance is clothed, (*Martin* v. *City of Rockford,* 27 Ill.2d 373; *Galpin*

v. *Village of River Forest,* 26 Ill.2d 515,) and does not justify a holding that the ordinance is void as to the land in question.

Plaintiff further asserts the unconstitutionality of the zoning ordinance because it make no provisions for apartment use except over stores in commercial districts and deduces that it thereby excludes a legitimate use of property from within its boundaries. This would appear to be an attack on the general validity of the ordinance, but the prayer of the complaint is restricted to alleged invalidity only as applied to plaintiff's property. The failure of the ordinance to permit construction of apartments upon the subject land does not render the zoning ordinance void as it applies to such land since, as heretofore noted, plaintiff failed to overcome the presumption of validity.

The judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*