Joseph H. Koplos, et al., Plaintiffs-Appellees, v. City of Rockford, a Municipal Corporation, Defendant-Appellant.

### Gen. No. 65-42.

Second District.

September 27, 1965.

North & North, and Samuel J. Cannariato, of Rock-
for (David A. North of counsel), for appellants.

Reno, Zahm, Folgate & Skolrood, and Thomas, Davis
& Kostantacos, all of Rockford (Ralph S. Zahm, Ar-
mour T. Beckstrand and Peter C. Kostantacos, of
counsel), for appellees.

MR. JUSTICE SEIDENFELD delivered the opin-
ion of the Court.

This is an appeal from a judgment of the Circuit
Court of Winnebago County entered in a proceeding
for declaratory judgment against defendant, City of
Rockford, to declare a zoning ordinance unconstitu-
tional and void as applied to plaintiffs' property and to
compel the defendant to permit plaintiffs to erect

multi-family apartments on the property. The decree of the Circuit Court declared the ordinance, which permits only single family dwellings, unconstitutional and void and permitted plaintiffs to erect and construct two twenty-unit condominium apartment buildings four stories in height on plaintiffs' property. Defendant also assigns as error, the dismissal of Mr. and Mrs. Ianni's petition to intervene on behalf of defendant by virtue of their status as adjacent property owners.

Plaintiffs' tract consists of approximately 4.1 acres located at the easterly side of the intersection of U. S. 51 and Illinois Highway 173 in the City of Rockford, said intersection constituting a part of the southerly boundary of the City of Loves Park and a part of the northerly boundary of Rockford. The neighborhood to the easterly side of the intersection and along Highway 173 is residential in character composed of older homes on extremely large lots and vacant lots. The neighborhood to the west and to some extent to the north of the intersection and along the highway is largely commercial in character. However, defendant points out that this presently zoned business property will be eliminated because of widening of the highway by the State of Illinois which will acquire the property by eminent domain. After the acquisition, all the property surrounding plaintiffs' land located in Rockford will be zoned residential. The Illinois State Highway Department has acknowledged the hazardous traffic conditions which now exist in the immediate area at issue and proposes to construct a lighted bi-level interchange at the highway intersection. The value of the property is $25,000 as presently zoned and in excess of $70,000 if the more intensive use is permitted.

Defendant called several witnesses on its behalf. Mr. Gromberg, a civil engineer employed by the Illinois Division of Highways, testified that the above men-

tioned commercial property in the immediate area of plaintiffs' tract would definitely be eliminated by eminent domain. He further testified that the only exit from plaintiffs' property would be a new service road paralleling the highway with Landstrom Road to the north as the only outlet. There was a conflict of testimony as to whether a serious traffic problem would be created as a result of the proposed apartment buildings. Defendant called four witnesses from the neighborhood who testified that the value of their property would be diminished if the Declaratory Judgment was upheld. There is a conflict of testimony as to the extent of diminution of value of neighborhood property. Plaintiffs' evidence is that only the adjacent property to the Iannis will sustain a loss in value and they further contend that this loss would be slight compared to plaintiffs' loss if they are restricted to single dwelling units. Defendant's witnesses all offered evidence which tended to show that the total diminution in the value of their property as a result of the Declaratory Judgment exceeded the increase in the value of plaintiffs' land as rezoned. Witnesses Patterson and Bailey testified that their homes presently valued at $40,000, and $65,000 respectively, would each suffer twenty-five per cent loss in value. Witness Ianni testified that his adjacent property was worth $150,000 and would suffer a fifty per cent loss in value. Defendant's expert witness, however, valued the Ianni property at $75,000 with only a fifteen per cent diminution in value if the apartments are constructed on plaintiffs' tract. Defendant's witnesses also expressed their fear that if the apartments are constructed on plaintiffs' tract, eventually more apartments would be built on other tracts, thereby changing the character of the neighborhood to their detriment.

There is a presumption that a zoning ordinance is valid and the burden of overcoming the

presumption rests with the person who assails it. Martin v. City of Rockford, 27 Ill2d 373, 189 NE2d 280 (1963). The presumption may be overcome by introducing evidence of the destruction of property value as a consequence of the ordinance while at the same time proving that the ordinance is arbitrary, unreasonable and that it does not bear a reasonable relation to the public health, safety, comfort, morals or welfare. Gregory v. City of Wheaton, 23 Ill2d 402, 178 NE2d 358 (1961). The determination of whether a zoning ordinance is void in its application to a certain tract of land must be decided upon the special facts of the case. Krom v. Village of Elmhurst, 8 Ill2d 104, 133 NE2d 1 (1956). The mere fact that a plaintiff's land would be more valuable if an existing ordinance is invalidated is not determinative and does not necessarily justify a conclusion that the ordinance is unconstitutional. Reeve v. Village of Glenview, 29 Ill2d 611, 195 NE2d 188 (1964).

The facts in Maywood Proviso State Bank v. Village of Berkeley, 55 Ill App2d 84, 204 NE2d 144 (1965), are similar to those which appear in our case. The Village Trustees of Berkeley rejected the recommendation of the Zoning Board of Appeals to reclassify plaintiff's land for multi-family dwellings. Plaintiff subsequently obtained a declaratory judgment from the Circuit Court of Cook County. On appeal this judgment was reversed. The court stated that the fact that there were railroad tracks upon which trains were running in the immediate area did not in itself make the zoning unreasonable and the property unsuitable for residential purposes. The court emphasized that single family residences were presently being occupied adjacent to the railroad tracks in support of its view. In the case at bar it cannot be said that the presence of a highway interchange is more discouraging to single family dwellings than the proximity to a railroad right-of-way. Plaintiffs contend

that the highway interchange makes the property unsuitable for single dwelling homes. But in LaSalle Nat. Bank v. Village of Western Springs, 30 Ill2d 340, 196 NE2d 680 (1964), the court remarked:

> Many homes have been constructed adjoining toll-ways in metropolitan Cook County, thereby indicating that adjacent tollways with their wide rights of ways do not preclude residential development.

In Trendel v. County of Cook, 27 Ill2d 155, 188 NE2d 668 (1963), the county appealed from a declaratory judgment which held a county zoning ordinance void as applied to certain property. The record at the trial indicated a much more valuable use of the property if rezoned, and conflicting evidence as to the diminution in the value of neighboring property if plaintiff were permitted to construct multi-unit apartment buildings on the property. The Illinois Supreme Court reversed the declaratory judgment granted by the trial court and stated that "the ordinance at issue protects against such depreciation of neighboring property and, therefore, obviously has a reasonable relationship to public welfare, even without the presumption of validity."

■ Plaintiffs have failed to discharge their burden of overcoming the presumption that the ordinance in question is valid. They have failed to show that their property is unsuited for residential development. Their only substantial evidence in support of this theory is that of the new highway interchange, but that evidence is inconclusive and it is at least arguable that its alleged harmful effect will be offset to an extent by the demise of the commercial enterprises in the area.

■ The evidence is not clear and convincing that the ordinance as applied to the property in question

273

is arbitrary, unreasonable and does not bear a reasonable relation to public health, safety and welfare. It appears that there is room for a legitimate difference of opinion concerning the reasonableness of the zoning classification and, therefore, the legislative judgment must be conclusive.

Since the judgment of the trial court must necessarily be reversed, we need not consider whether there was prejudice in the dismissal of the Iannis' petition to intervene. It does appear that he was amply protected in having his testimony and his theory of the case submitted to the court, however.

Judgment reversed.

ABRAHAMSON, P. J. and MORAN, J., concur.