HANNAH ZIMAN, Plaintiff-Appellee, *v.* VILLAGE OF GLENCOE, Defendant-Appellant.

(No. 53365;

First District—September 2, 1971.

Yowell and Yowell, of Chicago, (G. Kent Yowell, E. Douglas Schwantes, and James O. Latturner, of counsel,) for appellant.

Ordower & Ordower, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The Village of Glencoe appeals from an order of the Circuit Court entered pursuant to a declaratory judgment which held Article VI, § 4, Village of Glencoe Amended Zoning Ordinance of 1959 unconstitutional as applied to plaintiff Ziman's property. The ordinance in question would require 5-foot sideyards in the event that plaintiff would construct a residence on her property commonly known as 482 Park Avenue, Glencoe, Illinois. This property measures 25 feet by 198 feet, and, therefore, a residence erected pursuant to the ordinance could measure 15 feet in width at maximum. The order of the Circuit Court would enable plaintiff to construct a residence 19 feet wide with sideyards of 3 feet.

The reason for the court's ruling was stated in the order as follows: "[T]he sideyard requirements * * * as they apply to the plaintiff's property are void for the reason that it is a sub lot of record."

Defendant argues on appeal that: (1) Plaintiff's property is not exempt from the provisions of a zoning ordinance because the lot was platted and recorded prior to the enactment of the ordinance. (2) The plaintiff failed to overcome the presumptive validity of the zoning ordinance by clear and affirmative evidence. (3) The fact that when plaintiff purchased her lot it was subject to the 5-foot sideyard restriction places here in an unfavorable position to challenge the reasonableness and validity of the ordinance.

We affirm.

In December of 1965, plaintiff acquired real estate at 482 Park Avenue in Glencoe with a lot dimension of 25 feet by 198 feet. This lot was

platted and recorded in 1883. The Village of Glencoe enacted a zoning ordinance in 1921 which provided for a 3-foot sideyard restriction. The ordinance was amended in 1959 to require 8-foot sideyards in all properties platted and recorded after 1921 and 5-foot sideyards for those platted and recorded prior to 1921.

In July of 1966, plaintiff applied for a building permit which specified 3-foot sideyards. The permit was refused by the Building Commissioner, and his decision was upheld by the Glencoe Zoning Board of Appeals. Plaintiff thereafter filed a declaratory judgment action in which she asked that the Amended Zoning Ordinance of 1959 be declared null and void as applied to her property.

The property neighboring plaintiff's lot is described as follows: Immediately east and adjacent to plaintiff's property is 480 Park Avenue. This lot is 35 feet wide and has a 20-foot wide house upon it. The sideyard between the house and the west lot line measures 3 feet 5¾ inches. Immediately to the west and adjacent to plaintiff's property is 488 Park Avenue. This lot is 48 feet wide and has a house 31 feet wide built upon it. The sideyard between this house and the east lot line is 16 feet, and the sideyard between this house and the west lot line is 1 foot. The lot west of the adjacent to 488 Park Avenue is 490 Park Avenue. This lot is 27 feet wide and is improved with a home built on the east lot line but toward the rear portion of the lot. If this home were to be moved forward, it would touch that built at 488 Park Avenue.

At trial plaintiff testified that she is the owner of the property in question but was unable to inform the court of the purchase price of the property. She stated, "My husband handled all my financial affairs. As to whether I have any idea at all what the amount was, I really can't recall."

James Kruger, a real estate broker of some 23 years with offices in Winnetka, Skokie and Chicago, testified on behalf of plaintiff. He testified that a home with a 15-foot exterior floor plan would not be economically feasible, for it could not be built with a floor plan functional to the purchaser. As a result, enforcement of 5-foot sideyards would render the property non-salable, for it could only be used for a single family residence. He further testified that a 15-foot wide home would aesthetically have an adverse effect on the surrounding property. In 23 years Mr. Kruger had neither seen nor heard of a 15-foot wide house in suburban Cook County. His opinion of the present value of the property is $2500 to $3000.

Robert Goodin, a civil engineer, testified for the defendant as to the neighboring property and its dimensions.

Lawrence Helke, the Glencoe Building Commtssioner who has worked

for the Village for 24 years, testified for defendant as follows: He felt that a 15-foot wide home could be built and that it would be salable. However, on cross-examination, he testified (as abstracted):

"I have never in my experience seen a fifteen foot wide house in the Village of Glencoe. I have never had plans submitted to me for a fifteen foot wide house in Glencoe. I know of no fifteen foot houses built in the Village of Glencoe on a twenty-five foot lot.

Of my personal knowledge I do not know of any fifteen foot houses on a twenty-five foot lot of any suburb of Cook County."

We must first consider the validity of the Circuit Court's purported reason for granting the variance, i.e., the fact that the amended ordinance requiring a 5-foot sideyard would not apply to plaintiff's lot because it was platted and recorded prior to enactment of the ordinance. This court in *Weber v. Village of Skokie* (1968), 92 Ill.App.2d 355, 235 N.E. 2d 406 stated the issue before it as follows:

"There would thus appear to be presented by the instant appeal the single question of whether a subsequently enacted zoning ordinance, which purports to restrict the construction of residential structures to property sites meeting certain minimum space requirements, may override or supersede the width and area specifications of a previously accepted and recorded plat of subdivision, to the detriment of one who claims by it." 92 Ill.App.2d at 357.

We noted in *Weber* that the purpose of the Plat Act (Ill. Rev. Stat. 1965, ch. 109, par. 1 *et seq.*) is to insure that adequate provision has been made for streets, alleys, parks and other public facilities tndispensable to the particular community. The legislative purpose of the Plat Act being clear, we concluded at page 361:

"In the case at bar, plaintiffs cannot attempt to sway the "test of reasonableness" to the Village's disfavor by their claim to rights vested by a statute clearly not intended for such purpose. * * * *Plaintiffs then cannot be said to have acquired an irrevocable right simply by virtue of the plat's recordation pursuant to this statute.* State ex rel. v. Dodge, 113 Ohio App. 118, 177 N.E.2d 515 (1960)." Emphasis added.

■■ In light of the decision in *Weber,* the rationale of the trial court must fail. However, even though the reasoning of the court may have been wrong, if the record demonstrates that substantial justice on the whole has been done, we will affirm. *Ferraro v. Augustine* (1964), 45 Ill.App.2d 295, 196 N.E.2d 16 *Fitzgibbons v. Rue* (1951), 342 Ill.App. 712, 97 N.E.2d 584.

■■ A municipality may enact zoning ordinances imposing restrictions upon private property (Ill. Rev. Stat. 1969, ch. 24, par. 11—13—1), but the exercise of this power is valid only when it bears a reasonable rela-

tion to the public health, safety, morals or general welfare. *Hannifin Corp. v. City of Berwyn* (1953), 1 Ill.2d 28, 115 N.E.2d 315. Although a zoning ordinance may be valid in its general aspects, it may nevertheless be invalid as applied to a particular piece of property or a particular set of facts. *People ex rel. Joseph Lumber Co. v. City of Chicago* (1949), 402 Ill. 321, 83 N.E.2d 592. When the validity of such an ordinance is placed in issue, there is a presumption in favor of validity, and the one who assails its constitutionality must overcome the presumption by clear and affirmative evidence that it constitutes arbitrary, discriminatory or unreasonable municipal action, and that it will not promote the safety and general welfare of the public. *Stemwedel v. Village of Kenilworth* (1958), 14 Ill.2d 470, 153 N.E.2d 79. Factors to be considered by the courts when confronted with this issue are "the character of the neighborhood and the use to which nearby property is put, the extent to which property values are diminished by the restrictions imposed by the ordinance, and the gain to the public as compared with the hardship imposed upon the individual property owner." *La Salle National Bank v. City of Chicago* (1955), 5 Ill.2d 344, 351, 125 N.E.2d 609.

This court had occasion to consider a problem of factual similarity to the case at bar in *Wolfe v. Village of Riverside* (1965), 60 Ill.App.2d 164, 208 N.E.2d 833. In the *Wolfe* case there was property with a 25-foot frontage which was subject to a 5-foot sideyard ordinance. At trial plaintiff's expert witnesses testified as follows: A 15-foot wide home would have a very adverse effect on the adjacent properties; to refuse the variance would reduce the value of the property from $4500 to $1000; the lot had been extremely difficult to sell because of the sideyard restrictions; if a 20-foot wide building were erected, it would be 11½ feet from the adjacent home to its north and 14½ feet from the adjacent home to its south, such distances between the structure being adequate for the purposes of light, air and fire protection.

In reversing the Circuit Court's denial of plaintiff's request for a declaratory judgment, the court noted that the presumption of validity could only be overcome by clear and convincing proof that the ordinance is arbitrary, unreasonable, and that it bears no substantial relationship to the public welfare. It concluded at page 169:

"We believe that the plaintiff has sustained the burden which is necessary to overcome the presumptive validity of the ordinance in question. The evidence clearly shows that enforcement of the five foot side yard restriction would substantially depress the value of the subject property, if not make it worthless. Moreover, we believe that, as applied to the subject premises, the five-foot side yard restrictions bear no substantial relation to the public welfare. The apparent pur-

pose of the restriction was to provide a minimum distance of 10 feet between residences; however it is clear from the record that if the plaintiff were permitted to build a 20-foot wide house with only 2½ foot side yards, there would still be more than 10 feet between the plaintiff's proposed house and the buildings on either side."

The essential difference between the case at bar and *Wolfe* arises from the fact that if the plaintiff constructs her home toward the front (north) part of her lot, there will be only 6 feet 5¾ inches between her home and the home immediately to its east. This falls some 3 feet 6¼ inches short of the standard of 10 feet between structures considered necessary by the Village of Glencoe to present adequate availability for light and air and to prevent the spread of fires. In the *Wolfe* case, after the variance was granted, the municipal standard of 10 feet was still met.

However, this obstacle is not insurmountable. An examination of the neighboring property discloses that the home situated on the lot known as 490 Park Avenue is constructed on its east lot line, but it is constructed to the rear of the lot so that the forward most part of the home is situated behind the rearward most part of the home located near the west lot line of 484 Park Avenue. Thus, although these homes would actually touch if they were constructed directly adjacent to one another, their positioning on their respective lots allows maximum exposure for light and air and presents no real fire hazard.

Under Supreme Court Rule 366(a)(5), this court may: * * * give any judgment and make any order that ought to have been made, and make any other and further orders and grant any relief, * * * that the case may require.

■■ It is our belief that the trial court properly found that ordinance in question was arbitrary, discriminatory and unreasonable as applied to plaintiff's property. However, the examination of the neighboring property in conjunction with the other unique facts of this case, leads us to believe that the order of the Circuit Court which allows for 3-foot side-yards must be modified to additionally restrict plaintiff to build in such a manner that no part of her house is directly adjacent to the house located immediately to its east.

Judgment affirmed as modified.

McNAMARA, P. J., and DEMPSEY, J., concur.