WILLIAM J. LIPSKI, JR., *et al.*, Plaintiffs-Appellees, *v.* JOHN SMYTH, Comm'r of Public Works of the Village of Franklin Park, *et al.*, Defendants-Appellants.

First District (5th Division)    No. 77-213

Opinion filed January 27, 1978.—Modified on denial of rehearing March 10, 1978.

Richard E. Dowdle and Henry J. Hyde, both of Chicago, for appellants.

Daniel L. Houlihan, of Chicago, for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs brought this action in mandamus to compel the issuance of a building permit for the construction of a single family residence on a lot they own in Franklin Park. The circuit court entered an order directing the issuance of the permit. On appeal defendants contend the property fails to meet the minimum lot area requirements of the Franklin Park Zoning Ordinance. Franklin Park Zoning Ordinance 1959, §§6.C.2, 6.C.4.

The facts are not in dispute.

In March 1953 Lester and Josephine Voss purchased three lots (recorded in 1890 and numbered north to south Nos. 1, 2 and 3) on the southeast corner of Ruby Street and Minneapolis Avenues in the Village of Franklin Park. Lots 1 and 2 are each 20 feet wide and 124 deep. Lot 3, the subject of this dispute, is 25 feet wide and 125 feet deep. A house and a garage are located on lots 1 and 2. The south side of the house is 2 feet 10 inches north of lot 3 while the garage is 10 inches north of lot 3. Lot 3 is vacant.

The Franklin Park Zoning Ordinance of 1959 zoned the three lots "R—1", single family. The ordinance also provided that:

"Every lot * * * shall have a minimum width at the front building line of 37½ feet and a minimum area of 4000 square feet for all one family dwellings, provided however where there is a lot of record between two improved lots * * * with frontage of not less than 25 feet and a minimum area of 3000 square feet the owner thereof may construct thereon a one family residence subject to all other provisions of this Ordinance." Franklin Park Zoning Ordinance 1959, §6.C.4.

Section 3 of the Ordinance defines "lot" as:

"A parcel of land occupied or suitable for occupancy by one main building or use, with accessory buildings, including the open spaces by this ordinance, and having its principal frontage upon a public street or highway." Franklin Park Zoning Ordinance 1959, §3.

In addition, the ordinance provided that in R—1 districts all detached accessory buildings (including garages) should not be less than 3 feet from any other lot line and that there shall be a side yard having a width of not less than 3 feet or 10 per cent of the lot width, whichever is greater, on each side of all buildings. Franklin Park Zoning Ordinance 1959, §6.C.2.

Voss's conveyed lots 1 and 2 to Mr. and Mrs. Robert E. Flood on June 7, 1973. On July 25 of that year they sold lot 3 to James G. and Glennie Wade for $6,000. Prior to the entering into this contract Wade met with defendant, John Smyth, Commissioner of Public Works and informed him of the location and size of lot 3. He also told Smyth it was a lot of record and asked him if it was a buildable lot. According to Wade, Smyth responded that "if the lot was a lot of record there would be no way to keep" Wade from obtaining a building permit.

On September 3, 1974, Franklin Park adopted a new zoning ordinance (Franklin Park Code 1974, appendix A) which zoned the property in question R—2, single family. (Franklin Park Code 1974, app. A, art. VII, §7.2.) In addition it provided:

"4.7. Minimum lot size. Every residential building hereafter erected on a lot or parcel of land created subsequent to the effective date of this Ordinance shall provide a lot of parcel of land in accordance with the lot size requirements of the district within which it is located. In any Residence District, on a lot of record on the effective date of this Ordinance, a single-family dwelling may be established regardless of the size of the lot, provided all other requirements of this Ordinance are complied with; however, where two (2) or more contiguous substandard recorded lots are in common ownership and are of such size as to constitute at least one conforming 'zoning lot,' such lots or portions thereof shall be so

joined, developed, and used for the purpose of forming an effective and conforming zoning lot or lots. Such contiguous substandard lots in common ownership shall be considered as being maintained in common ownership after the effective date of this ordinance for zoning purposes. In no case shall a lot created illegally be considered a lot of record." Franklin Park Code 1974, app. A, art. IV, §4.7.

On June 1, 1975, James and Glennie Wade contracted with William and Suzette Lipski to sell lot 3. The contract was contingent on the Wades obtaining a building permit to construct a single-family dwelling on the property.

The Wades applied for a variation from the lot size requirements. On July 8, 1975, the Zoning Board of Appeals recommended to the Board of Trustees that the variation be denied. The Board of Trustees concurred in this recommendation on August 4, 1975.

Thereafter, the Floods applied for a variation from the 3-foot side yards. The Zoning Board recommended the variation and the Board of Trustees passed Ordinance Number 7576—Z8 granting the side yard variations to the south side yard.

Petitioners then brought the instant action to compel the issuance of a construction permit in order to build a single-family residence on lot 3. The court held that lot 3 fully complied with the 1974 Zoning Ordinance minimum lot area provisions. (Franklin Park Code 1974, app. A, art. IV, §4.7.) Although lots 1 and 2 violated the side yard provisions of the 1974 Zoning Ordinance (Franklin Park Code 1974, app. A, art. VII, §7.2) the Board of Trustees had granted in ordinance Number 7576—Z8 certain side yard variations to lots 1 and 2, immediately north of lot 3. The court found that this "legitimized" lot 3 and brought it into "full conformity" with the provisions of the Zoning Ordinance of Franklin Park.

Opinion

Defendants contend that lot 3 fails to meet the minimum lot area and side yard requirements of the 1959 Franklin Park Zoning Ordinance. (Franklin Park Zoning Ordinance 1959, §§6.C.2., 6.C.4.) Section 6.C.4 of this ordinance excepts any 25-foot existing "lot of record" from the 37½ foot minimum. Consequently, whether lot 3 was a "lot of record" determines whether plaintiff comes within this exception.

Although the 1959 ordinance did not define a "lot of record" it did define a "lot" as a "parcel of land occupied or suitable for occupancy by one main building or, use with accessory buildings, including the open spaces required by this ordinance* * *." Franklin Park Zoning Ordinance 1959, §3.

When Franklin Park adopted the 1959 zoning ordinance, the Voss's

owned lots 1, 2 and 3 having lot widths of 20, 20, and 25 feet respectively. Their residence was located on lots 1 and 2 less than 3 feet north of the north line of lot 3. However, the 1959 ordinance required a side yard "having a width of not less than 3 feet or 10 per cent of the lot width, whichever is greater, on each side of all buildings." (Franklin Park Zoning Ordinance 1959, §6.C.2.) In order for the Voss's to comply with the required side yard of 4 feet (10% of 40 feet which is the total width of lots 1 and 2 upon which the house is located) lots 1 and 2 were dependent on lot 3. Accordingly, we think that lots 1, 2 and 3 together constitute a "lot of record."

Our holding here is in accord with an earlier decision by this court in *Weber v. Village of Skokie* (1968), 92 Ill. App. 2d 355, 235 N.E.2d 406. There, plaintiffs purchased three 33-foot lots designated lots 11, 12, and 13. Plaintiffs' house and garage were located on lots 11 and 12. Lot 13 was vacant. Approximately 13 years after purchasing the property, plaintiffs sold lots 11 and 12 retaining lot 13 with the intention of erecting a house on it. Because defendant's zoning ordinance prohibited the construction of a single family dwelling upon lots less than 40 feet in width, plaintiffs applied for a variation from the Village Zoning Board of Appeals. The Board denied their application. Plaintiffs brought an action for declaratory judgment and the circuit court found in their favor. In reversing the lower court, we stated:

> "[P]laintiffs had, at all times during their 13-year tenure of ownership and residency, treated the three parcels as a single integrated property or homesite* * *. It appears that said lot 13, as an adjacent vacant parcel, was employed during that period as a side yard to the dwelling* * *.
> 
>        * * *

Thus, the circumstances attendant plaintiffs' ownership of the three properties demonstrate * * * a utilization of the three parcels as one, upon notice of, and consonant with the definition of the terms 'lot' and 'lot of record' as they appeared in and were made the object of the 1946 zoning ordinance prohibitions. A 'lot' was therein defined as:

> 'A parcel of land occupied or intended for occupancy by a use permitted in this Ordinance, including one (1) main building together with its accessory buildings* * *.'

A 'lot of record' was further defined as:

> 'A lot which is a part of a subdivision, the map of which has been recorded in the Office of the Recorder of Deeds of Cook County, Illinois.' " 92 Ill. App. 2d 355, 362-63, 235 N.E.2d 406, 410.

As in *Weber* the three lots here were used as one "lot of record"

and are dependent on each other to meet zoning standards. See also *O'Laughlin v. City of Chicago* (1976), 65 Ill. 2d 183, 357 N.E.2d 472; *Ganley v. City of Chicago* (1974), 18 Ill. App. 3d 248, 309 N.E.2d 653.

■■ Plaintiffs nonetheless argue that section 4.7 of the 1974 Franklin Park Zoning Ordinance authorized them to build a single family dwelling "on a lot of record * * * regardless of the size of the lot." (Franklin Park Code 1974, app. A, art. IV, §4.7.) However, this argument ignores the last sentence of section 4.7 which states, "In no case shall a lot created illegally be considered a lot of record." (Franklin Park Code 1974, app. A, art. IV, §4.7.) At the time of the passage of the 1974 ordinance lot 3 was an illegal lot, Voss's having conveyed two of the three lots to the Floods the year before in contravention of the 1959 side yard restrictions. Franklin Park Zoning Ordinance 1959, §6.C.2. Because it was an illegally created lot, it could not be considered a lot of record under section 4.7.

Plaintiffs also argue that Ordinance 7676—Z8 brought the 25-foot lot in full conformity with the sideyard provisions. Indeed, the trial court made this ordinance the basis of its ruling in favor of plaintiffs. However, Ordinance 7576—Z8 granted side yard variations to lots 1 and 2. It did not affect the status of lot 3.

Finally, plaintiffs alternatively contend that defendants should be estopped from enforcing the zoning restrictions against them. They argue that they relied to their detriment on erroneous assurances by John Smyth, Commissioner of Public Works for the Village of Franklin Park, that lot 3 was a buildable lot. We disagree. James Wade testified that Smyth told him he could obtain a building permit only "if the lot was a lot of record." Plaintiffs did not receive a building permit because lot 3 is not a lot of record. Smyth's statements were correct and not misleading.

For the foregoing reasons the judgment of the circuit court is reversed.

Reversed.

SULLIVAN, P. J., and WILSON, J., concur.