581 P.2d 1136
**Kendall DAWE and Mildred M. Dawe, his wife, Appellants,**

v.

**CITY OF SCOTTSDALE, Arizona, a Municipal Corporation, Appellee.**

**No. 13676–PR.**

Supreme Court of Arizona,
In Banc.

July 14, 1978.

Burch, Cracchiolo, Levie, Guyer & Weyl by C. Michael Pierce, Arda S. Rutherford, Phoenix, for appellants.

Richard R. Filler, Scottsdale City Atty., Scottsdale, for appellee.

STRUCKMEYER, Vice Chief Justice.

This is an action by appellants to have the recorded plat of the Palo Verde Terrace declared a legally existing subdivision, for a declaration that the City of Scottsdale's annexation of the property covered by the plat and its ordinance adopted after the plat was recorded did not affect the validity of the subdivision plan or the owners' right to develop the property, and to compel Scottsdale to issue certain construction permits. The Superior Court entered a judgment in favor of Scottsdale, declaring Scottsdale's zoning applicable to the Palo Verde Terrace and denying appellants' construction permits. The Court of Appeals reversed, 118 Ariz. 493, 581 P.2d 1143 (App.1978). We accepted review. Opinion of the Court of Appeals vacated. Judgment of the Superior Court affirmed.

On November 25, 1959, this Court rendered its decision in the case of *Hart v. Bayless Investment and Trading Co.,* 86 Ariz. 379, 346 P.2d 1101. We held that the failure to comply with the notice and hearing conditions of the county zoning act left the county board of supervisors without jurisdiction to adopt zoning ordinances and that, consequently, the then zoning ordinances were void. Maricopa County was without any zoning ordinances from the time of our decision until it properly adopted a zoning ordinance on February 27, 1960.

Prior to the decision in *Hart v. Bayless,* the property out of which this dispute arises was within the unincorporated area of Maricopa County. During the time when the county was without any zoning, appellants' predecessors in interest, in order to avoid the 35,000 square-foot minimum lot size requirements of the prior zoning ordinance and the ordinance adopted on February 27, 1960, recorded the Palo Verde Terrace subdivision plat. This plat provided for 120 lots of a maximum 10,000 square feet each.

No attempt was made to improve the property and it has remained vacant and unimproved from the date the subdivision was recorded in 1960 through the date of the filing of this action, January 17, 1975. In the year 1963, Scottsdale annexed an area which included the Palo Verde Terrace. Scottsdale's zoning permitted a minimum size of 35,000 square feet per lot in the annexed area.

■ The principal question at issue is whether the appellants have had since 1963 a vested right to develop substandard lots within the City of Scottsdale because of the recording of their plat. We think not.

■ It has been repeatedly held that subdivision ordinances apply to lots on prior recorded maps which were unsold at the time of the ordinance's enactment. *Ziman v. Village of Glencoe,* 1 Ill.App.3d 912, 275 N.E.2d 168 (1971); *Sherman-Colonial Realty Corp. v. Goldsmith,* 155 Conn. 175, 230 A.2d 568 (1967); *Blevens v. City of Manchester,* 130 N.H. 284, 170 A.2d 121 (1961); *State ex rel. Mar-Well, Inc. v. Dodge,* 113 Ohio App. 118, 177 N.E.2d 515 (1960); *Caruthers v. Board of Adjustment,* 290 S.W.2d 340 (Tex.Civ.App.1956).

In *Sherman v. Goldsmith,* supra, the Connecticut court said:

"Our decisions in *Town of Lebanon v. Woods,* 153 Conn. 182, 194, 196, 197, 215 A.2d 112, and *Corsino v. Grover,* 148 Conn. 299, 314, 170 A.2d 267, 274, 95 A.L.R.2d 751, are dispositive of the central issue raised by the plaintiffs. The mere filing of maps for the subdivision of a parcel of real estate does not necessarily immunize the subject property from the operative effect of subsequent subdivision regulations. Otherwise, 'a property owner, by the process of map filing, could completely foreclose a zoning authority from ever taking any action with respect to the land included in the map, regardless of how urgent the need for regulation might be.'" 230 A.2d 568 at 572.

Appellants, however, argue that the case of *Robinson v. Lintz,* 101 Ariz. 448, 420 P.2d 923 (1966), holds that a subdivision lot becomes legally established as to size and description when it is properly recorded and that it is unaffected by subsequent zoning enactments or amendments. *Robinson v. Lintz* is authority for the proposition that a subdivision lot becomes legally established as to size and description when a plat containing it is recorded. But it does not hold that such a lot is unaffected by subsequent zoning enactments.

In *Robinson,* the Board of Supervisors of Maricopa County adopted an ordinance requiring that subdivision plats be submitted to it for approval before filing with the County Recorder. The plaintiff, Robinson, submitted a plat of her proposed subdivision to the board of supervisors on July 3, 1961. The property was situated in an unincorporated area within three miles of the City of Phoenix. Plaintiff's lots on her plat complied with the county zoning ordinance requiring a minimum of 7,000 square feet per lot. The board of supervisors failed to approve the plat because the county zoning commission was in the process of proposing a zoning change to a minimum of one acre per lot. On January 22, 1962, the board approved an ordinance requiring minimum lot sizes of one acre in Robinson's area. But before the board approved the one-acre ordinance, Robinson brought an action in the Superior Court seeking to compel the board to approve her plat. The Superior Court held that the board of supervisors did not have statutory authority to approve or disapprove subdivision plats. Plaintiff almost immediately, on December 29, 1961, recorded her plat. Thereafter, on or about February 20, 1962, the land was annexed by the city.

When Robinson applied to the city for building permits, they were refused on the ground that plaintiff's lots did not comply with the city's requirement of one acre. Thereupon an action was brought seeking to compel the issuance of building permits. This Court held that the board of supervisors could not withhold its approval of Robinson's subdivision plans when at the time of filing with the board the city had no ordinance establishing standards within three miles of the city limits and the board of supervisors was without legal authority to approve or disapprove a subdivision plat.

We said that as soon as a plat is properly recorded, the lots become "legally established" within the meaning of the county zoning ordinance.

It is apparent that in *Robinson* if the board of supervisors had not attempted to assume an unlawful jurisdiction to disapprove the subdivision and held up its recordation, the plat and subdivision would have become legally established as early as July 3, 1961 and Robinson would have had the opportunity to commence construction prior to annexation by the city in February, 1962. *Robinson* did not concern itself with the problem we must decide here; namely, whether the filing of a plat immunizes a parcel of real estate from subsequent zoning regardless of how urgent the need for regulation might be.

A. Rathkopf, in The Law of Zoning and Planning, Ch. 71, § 11, page 93 (4th ed. 1978), states:

"* * * whether the subdivider has the right to continue the development of his subdivision as planned in the face of changed rules and regulations of the planning board, or an amendment to the zoning ordinance which changes the permitted uses or the nonuse restrictions of land covered by the plat, is in great measure governed by the same considerations which determine vested rights under a building permit."

We have held that where the amount of work which was done toward the construction of a service station was of small consequence, the permittee acquired no vested right to complete the construction of the building if the board of supervisors exercised its power to rezone the property and revoked the building permit. *Verner v. Redman,* 77 Ariz. 310, 271 P.2d 468 (1954).

Appellants urge that they were prejudiced by the failure of the Superior Court to allow them five days to object to the

form of the judgment. By the Arizona Rules of Civil Procedure, Rule 58(d), where a judgment is for other than money or costs it shall not be approved and signed until the expiration of five days after the proposed form thereof has been served on opposing counsel. It is conceded that in the instant case the Superior Court signed the judgment on the same day that appellants' counsel received it in the mail.

We do not think, however, that such constitutes prejudicial or reversible error. After the judgment was entered, appellants filed a motion to set aside the judgment, objecting to its form. The court entertained oral arguments on appellants' motion and thereafter overruled their objections. Since appellants had an opportunity to present their objections to the judgment, they were not prejudiced by the court's failure to wait five days before its entry.

Appellants argue, however, that the court erroneously overruled their objections to the form of the judgment. They complain that the portion of the judgment in which the court decreed that appellants' real property was subject to all the provisions of the Scottsdale zoning ordinance "as if the subdivision * * * had not been recorded" was too broad. They urge that this is because the judgment was sufficient in that it provided that appellants were not entitled to building permits for any of the lots since they did not qualify for an exemption for substandard lots under the Scottsdale zoning ordinance.

The portion of the judgment of which appellants complain was within the issues embraced by the litigation. The relief prayed for by appellants was for a declaration that Scottsdale's annexation and changes after the recordation of the plat did not affect the plat's validity or the owners' right to develop the lots as recorded. Hence, a judgment that the Palo Verde Terrace subdivision was subject to Scottsdale's zoning was appropriate.

Judgment of the Superior Court affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.