(No. 34369.—

GEORGE C. GORDON *et al.,* Appellees, *vs.* THE CITY OF WHEATON, Appellant.

*Opinion filed November 20, 1957.*

CORRIGAN, MACKAY and FITZGERALD, of Wheaton, (JOHN R. MACKAY, of counsel,) for appellant.

PAUL SCHMID, of Wheaton, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Plaintiffs brought suit in the circuit court of DuPage County against the defendant, city of Wheaton, alleging that the city's zoning ordinance, as applied to their property, is unreasonable and confiscatory. The trial court found for plaintiffs and entered a decree permanently enjoining the city from enforcing the ordinance against the plaintiffs' property. The circuit court certified that the validity of a municipal ordinance is involved and that the public interest requires a direct appeal to this court.

The plaintiffs are partners, doing business as Lorraine Motors. They operate an automobile sales agency, garage and gasoline station at the southeast corner of Roosevelt Road, which runs east and west, and Lorraine Road, which runs north and south. The subject property is vacant and lies directly across Lorraine Road to the west. Roosevelt Road is a four-lane street and one of the principal highways through the southern portion of Wheaton to the city of Chicago. Lorraine Road, which bisects Roosevelt Road at right angles, is paved north of Roosevelt Road and is graveled south of such road.

Plaintiffs purchased the property, which is a 50-foot tract fronting on Roosevelt Road and extending south 132 feet, and improved it by placing approximately four feet of fill thereon to bring the level to that of the adjoining road.

Plaintiffs allege that additional space for the display, sale and parking of automobiles is required, that the city has threatened to invoke penalties if they use the tract for that purpose and that they and their customers have been ticketed when their cars are parked on the street. They assert that the real estate is not suited for residential use, that the value is materially greater for business use and that their business will be severely curtailed to their irreparable damage through loss of sales unless it is reclassified.

They contend that the zoning ordinance, insofar as it applies to their property, is unreasonable, discriminatory and confiscatory and violates the equal-protection and due-process clauses of the Federal and State constitutions.

An examination of the record reveals that the land on the south side of Roosevelt Road from Lorraine Road on the east to President Street on the west, a distance of four blocks, is totally undeveloped except for a nursery. The block east of the subject property from Lorraine Road to Ott Avenue was zoned "Community Business District" in 1933 by the city of Wheaton and is devoted entirely to business, except for one dwelling. On the north side of Roosevelt Road the remaining block in Wheaton to the east is residential or vacant. The first two blocks west thereof are developed with 14 houses, 11 of which have been built since 1950, and the two blocks next west are undeveloped except for an auto sales agency at the west end. The village of Glen Ellyn, lying immediately east of Ott Avenue, has rezoned both sides of Roosevelt Road from its westerly boundary almost to its easterly limits as "Local Business District."

The tract in question is part of a large area platted as Wheaton Estates in 1924, but never developed. Located in the platted portion are two sloughs. Raw sewage is sometimes dumped into one from a Wheaton sewer and the other is the outlet for a storm sewer from Glen Ellyn. The streets originally laid out are overrun with grass and the area contains no water or sewer facilities. The land to the south of the property is an open field and a portion of it is used by the city as a dump for brush and a garbage dump by individuals. It is almost wholly undeveloped.

Zoning ordinances have long been recognized as a proper exercise of the police power and consequently must have a real and substantial relation to the public health, safety, morals or general welfare. Whether the restraints imposed

by an ordinance bear such relation, or are capricious and unreasonable, when applied to a particular property must be determined from the facts.

Certain factors, among others, to be considered in making such a determination have developed and are summarized as follows: (1) the character of the neighborhood; (2) the zoning classification and use of nearby properties; (3) the extent to which property values are diminished by the particular restrictions involved; and (4) the gain to the public as compared to the hardship imposed on the individual property owner. *Galt* v. *County of Cook,* 405 Ill. 396; *Trust Co. of Chicago* v. *City of Chicago,* 408 Ill. 91; *Hannifin Corp.* v. *City of Berwyn,* 1 Ill.2d 28; *First Nat. Bank* v. *County of Lake,* 7 Ill.2d 213; *Liberty National Bank* v. *City of Chicago,* 10 Ill.2d 137.

Counsel for both parties have been most helpful by including in the record, plats, photographs and an aerial view to supplement other evidence. The exhibits speak even louder than words as to the character of the neighborhood and the use of nearby properties. From the facts, hereinabove briefly set forth, and the exhibits, it appears that there are two distinct neighborhoods when considered from the business-residence aspect. That portion of the city of Wheaton on the north side of Roosevelt Road is predominantly residential in character. Although a majority of it remains vacant, there has been little encroachment by business along this side of Roosevelt Road in the five blocks west of the east city limits. On the other hand, along the south line of these same five blocks the character of the neighborhood is business. Much of it is vacant, but that which is developed has been devoted to business use. Only one residence has been constructed while there are six business places consisting of a drive-in, two motor sales agencies, a builder's office, filling station and nursery. The city recognized the trend in some measure by rezoning the

whole block to the east of the subject property from residential to business. The block in which the subject property is located and the next three blocks to the west thereof are zoned "Class A Residence."

Up to this point we have only considered the character, zoning classification and use of nearby properties lying within the city of Wheaton. The record discloses that the village of Glen Ellyn, one block east of the subject property, has rezoned Roosevelt Road for business use. Again there is much vacant footage, but it is characterized as business use because practically all development has been for business purposes. The principle has been adopted that consideration of zoning and use in a neighboring municipality is proper. (*Pioneer Trust & Savings Bank* v. *Village of Oak Park,* 408 Ill. 458; *Hannifin Corp.* v. *City of Berwyn,* 1 Ill.2d 28.) The city complains of evidence of zoning two miles into Glen Ellyn. Apparently it was introduced to show generally the conditions along Roosevelt Road which is a heavily traveled highway into Chicago. We agree that plaintiffs were getting rather far afield but the trial court was not misled thereby.

All witnesses agreed that the tract in question was more valuable for business use. Opinions as to values varied from $10 to $35 per foot for residential purposes and from $75 to $100 for business uses. These differences in themselves would not be decisive but must be considered with all other material facts.

The next pertinent inquiry is the gain to the public compared to the hardship imposed on the owners by the classification. There appears to be no real need for more residence lots south of Roosevelt Road as evidenced by the fact that there has been practically no house construction in that area for more than 30 years. The additional customers who would call at the lot when used for sales purposes would increase the traffic hazard only nominally

beyond that which already exists on the busy four-lane highway. There is no proof that existing residences across the street would diminish in value. Most of them were built after plaintiffs opened their present place of business and the owners were not deterred. It is not readily apparent how the expansion of plaintiffs' business to an adjoining lot, separated only by Lorraine Road, could affect adversely the values of the homes across the street.

Hence, while there is practically no gain to the public by the retention of the residential classification of the tract in question, there is a real hardship to the owners. Their expanding business requires additional space for the parking of cars and relief of congestion. The loss to plaintiffs, if they are not permitted to use the lot for business purposes, will be substantial.

We are of the opinion that the zoning ordinance, as applied to plaintiffs, is arbitrary and unreasonable and without substantial relation to the public health, safety, comfort, morals and welfare. The record, including the exhibits, leaves no room for a legitimate difference of opinion.

Finally, the defendant complains that plaintiffs here raise constitutional questions not raised before the trial court. It is sufficient to say that we have considered only the constitutional questions raised below and pursued here, and that the zoning ordinance, as applied to plaintiffs' property, is violative of their rights and is unconstitutional and void.

The decree of the circuit court of Du Page County was correct and is affirmed.

*Decree affirmed.*