(No. 34624.—

DR. EDWARD J. SKRYSAK, Appellee, *vs.* THE VILLAGE OF MOUNT PROSPECT, Appellant.

*Opinion filed March 20, 1958.*

Robert J. Downing, of Chicago, (Thomas J. Russell, Robert G. Lussier, and Mitchell and Conway, all of Chicago, of counsel,) for appellant.

Maurice A. Frank, of Chicago, for appellee.

Mr. Justice House delivered the opinion of the court:

Dr. Edward J. Skrysak, a dentist, filed a declaratory judgment action in the circuit court of Cook County to declare void the zoning ordinance of the village of Mount Prospect insofar as it prohibits him from maintaining his dental office in his dwelling. From a judgment order in favor of the plaintiff the village appeals on the trial court's certificate that the validity of a municipal ordinance is involved and that the public interest requires a direct appeal.

Plaintiff resides in his 2-story, 10-room brick residence at the corner of Maple Street and Central Road, situated on a lot 169 feet by 97 feet and an adjoining unimproved lot 67 feet by 200 feet. He desires to convert a portion of his home for the general practice of dentistry without changing its outward appearance.

The area wherein the subject property is located, is defined by the zoning ordinance as a single-family-residence-use district (R-1), and the ordinance specifically prohibits use of residence property for professional offices except for emergency treatment.

Plaintiff contends that the zoning ordinance, as applied to his property, is arbitrary and confiscatory, and has no relation to the public health, safety, morals or welfare; that the residential classification denying the practice of dentistry fails to take into consideration the character of the neighborhood, the heavy traffic in the vicinity, the close proximity

of business, and the resulting benefit of dental care to the community; and that it violates sections 2 and 13 of article II of the State constitution and the fourteenth amendment to the Federal constitution and is void.

Central Road runs east and west and is a relatively heavily traveled highway. Main Street (State Highway No. 83) runs north and south bisecting Central, 2 blocks west of plaintiff's property and is also heavily traveled. At the intersection of Central and Main a greenhouse and nursery are located at the northwest corner, a public school is located at the southeast corner and a gas station is located at the southwest corner. South of the intersection on Main Street are the following business establishments: delicatessen, insurance agency, beauty shop, real-estate office, gas station, automobile repair shop and an auto sales company. Except for the businesses mentioned and a gasoline station approximately 7/10ths of a mile east of plaintiff's property, all property from the east side of Main north and east to the village limits is zoned and used for residential purposes.

It was stipulated by the parties that all administrative steps had been taken and that there has been an adverse and final determination administratively against the plaintiff. It was further stipulated that the petition for variation included the signatures of 22 property owners, constituting 11 families owning houses immediately adjacent to the property in question, and that the zoning commission had recommended the variation by a vote of 4 to 1.

Plaintiff testified that he had an undisclosed number of patients in the village and surrounding suburbs, that children residing in the northeast section have no dental services available without crossing highways, and that he proposed to use conventional dental equipment. He further testified to the characterization and use of property in the neighborhood and stated that traffic on Central Road was quite heavy.

The only other witness presented by plaintiff was George L. O'Day, a real-estate broker. He testified that a dental office in the residence would not be detrimental to adjacent property and that it would be compatible with the public welfare. He stated that Central Road carries at least 40 per cent commercial traffic and that because of traffic conditions on Central and the proximity of commercial property, the highest and best use of plaintiff's property would be a combination of residence and dental office. He placed the value of the property at $27,000 for strictly residential purposes and $35,000 for a combination residence and dental office.

Evert Kincaid, a professional city-planning and zoning consultant, testified for the village. He expressed an opinion that the proposed use would adversely affect the single-family occupancy and felt that nonresidential activity in the area entirely devoted to single-family use would tend to create a precedent and a situation inviting other types of similar professional activities. He characterized Central Road as a collector type street for movements of traffic from intersecting residential streets, but not a heavily traveled thoroughfare comparable to Main Street.

This case must be viewed from the standpoint of principles so well established that they scarcely need repetition. A zoning ordinance to be valid must have a real and substantial relation to the public health, safety, morals or general welfare. (*National Brick Co.* v. *County of Lake,* 9 Ill.2d 191; *Gordon* v. *City of Wheaton,* 12 Ill.2d 284.) There is, however, a fundamental presumption of validity in favor of a zoning ordinance adopted pursuant to a legislative grant. (*La Salle Nat. Bank* v. *City of Chicago,* 4 Ill.2d 253; *Jacobson* v. *City of Evanston,* 10 Ill.2d 61; *Kennedy* v. *City of Chicago,* 11 Ill.2d 302.) One who challenges the validity of such an ordinance, as applied to him and his property, must prove by clear and convinc-

ing evidence that it is arbitrary and unreasonable and without substantial relation to the public factors (*Mundelein Estates, Inc.* v. *Village of Mundelein,* 409 Ill. 291; *People ex rel. Alco Deree Co.* v. *City of Chicago,* 2 Ill.2d 350); and the burden of proof is on the plaintiff. *Krom* v. *City of Elmhurst,* 8 Ill.2d 104.

The character of the neighborhood is residential. This is practically admitted by an allegation in the complaint that the premises are located in a community which is primarily a residential district. In the recent case of *Bolger* v. *Village of Mount Prospect,* 10 Ill.2d 596, which involved a tract 2 blocks west of the subject property, we had occasion to review the use of property in this area. While physical conditions are largely the same in that case as in this, they differ in that a shopping center was proposed in the *Bolger case* while here plaintiff proposed to use his property as a combined residence and dental office. The situations with respect to traffic conditions and business proximity are about the same in that case as in this and we there held that the area was residential and the ordinance not discriminatory. Plaintiff argues that his use of the property as a dental office would relieve traffic in that his patients would not have to cross heavily traveled highways and he would be furnishing dental care in an area sorely in need of same. The proof is not convincing as to the traffic argument and the record fails to show a great need for the dental services in the area.

Plaintiff's assertion that the ordinance is confiscatory is not borne out by the record. He purchased the property as a residence six years ago, subject to the restriction, and has used it for that purpose since. No proof is offered of changes in the area which would tend to depreciate the value. It is possible that the property would be more valuable if dental-office use were permitted, but the same argument would apply to any residence in the whole area

which is zoned residential. Furthermore, no discrimination is shown since all dental and other professional offices are confined to an area zoned for those purposes.

Plaintiff attaches some significance to the fact that persons residing in 11 adjacent properties assent to his proposed use. This argument overlooks the very basis for zoning classification. Zoning is for the benefit and best interests of the community as a whole rather than an individual or select group of individuals. (*City of Aurora* v. *Burns,* 319 Ill. 84; *People ex rel. Alco Deree Co.* v. *City of Chicago,* 2 Ill.2d 350.) The location of a dental office in a neighborhood might be convenient for some of the neighbors, but that is not the controlling element. (*Dunlap* v. *City of Woodstock,* 405 Ill. 410.) One encroachment brings on another, with a resulting detriment to the whole community.

We are of the opinion that plaintiff has wholly failed to sustain the burden imposed upon him of showing that the ordinance, as applied to his property, is unreasonable, discriminatory, confiscatory, and invalid, and that he has not overcome the presumption of its validity.

The decree of the circuit court of Cook County is reversed.

*Decree reversed.*