(No. 34757.—

ALBERT L. STEMWEDEL, Appellee, *vs.* THE VILLAGE OF KENILWORTH, Appellant.

*Opinion filed September 18, 1958.*

Lyle L. Richmond, of Chicago, for appellant.

Milliken, Vollers & Parsons, and Robert E. Haythorne, both of Chicago, for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

Albert L. Stemwedel brought suit in the circuit court of Cook County to enjoin the village of Kenilworth from enforcing as to his residence a zoning restriction prescribing a minimum rear yard depth of 25 feet. After a hearing the chancellor declared the requirement unconstitutional in its application to the property, and granted an injunction as prayed. The village appeals, contending (1) that the evidence fails to support the decree; (2) that incompetent evidence was admitted; (3) that the plaintiff is estopped to deny the validity of the requirement; and (4) that the court by its decree undertook to change or modify the restriction, thus exceeding the scope of its powers in the present proceeding.

Under the provisions of the zoning ordinance—which had been adopted prior to the time the land embracing the plaintiff's premises was annexed and subdivided into lots—minimum depths in a B-1 residence district are set at 40 feet for a front yard, 6 feet for side yards, and 25 feet for a rear yard. Plaintiff's lot is 75 feet wide and 92 feet deep, upon which is located a 7-room residence with attached two-car garage. This residence is presently built up to the setback line in front and on the sides. Plaintiff desires to enlarge a presently enclosed porch on the rear of his residence, to be used as a "family room." The porch line is approximately 20 feet from the rear lot line, and the proposed addition would be 4½ feet farther to the rear, or 15 feet 7 inches from the rear line. The distance to the garage of the neighbor on the west would be 31 feet, and to that of the neighbor on the southwest would be 38 feet. The addition would be 60 feet from the nearest structure immediately to the rear of plaintiff's property.

Under defendant's zoning ordinance the board of appeals may recommend to the president and board of trustees that a variation be granted where a strict application imposes practical difficulties or particular hardship upon the owner. Provision is made for a report by the board of appeals, accompanied by a finding of fact specifying the reason therefor. Prior to filing the present complaint, the plaintiff applied to the board of appeals for a variation from the 25-foot rear yard requirement. Relief was denied, both by the board of appeals and by the village trustees. The plaintiff then brought the present suit, by which he attacks the constitutionality of the restriction in its application to his property. Attached to the complaint as an exhibit is a document purporting to be signed by plaintiff's neighbors stating they have no objection to the proposed addition.

The evidence shows that the present 7-room house was built in 1942, when plaintiff had three children, and that his family has since increased to five children. He testified

that his house had become inadequate for the activities of his teenage children, particularly in their efforts to entertain friends at home; that the house lacked facilities whereby the family could enjoy their recreations together; and that without the additional room the children could not properly reciprocate for the hospitality shown to them at their friends' homes. He proposed, accordingly, to construct a one-story "family room," of brick, glass and wood, to be used for recreation and entertainment.

An architect and teacher in the field of zoning and community building testified on plaintiff's behalf that he inspected the premises and the plan for the improvement; that the proposed addition would not burden the village and school facilities, that there would be no adverse effect on light, air, and safety from fire and other hazards; that public health, safety and welfare would be unaffected; and that a benefit would accrue to public comfort and morals, since with adequate home facilities children are kept off the streets and are better supervised. An expert in real estate and zoning matters testified on behalf of defendant that any extension of the house closer to the rear lot line would increase the fire hazard; that the purpose of the building line is to assure better light, air and protection against fire; and that an encroachment thereon would be detrimental to the village and the neighborhood. At the conclusion of the hearing a decree was entered, in accordance with the prayer of the complaint, restraining the defendant municipality from preventing the construction of the addition to plaintiff's residence "provided that no part of such addition shall be within fifteen (15) feet of the south line of plaintiff's said property."

It is evident from this record that the decree cannot be upheld. The proceeding in the circuit court was not an action to review the decision of the board of appeals or the village authorities denying a variation from the rear yard requirements. It is an orginal action for injunctive

relief; and the issue is not whether the board of appeals or board of trustees of the village erred or abused their discretion but whether the restriction as applied to plaintiff's property is arbitrary, unreasonable and without substantial relation to the public health, safety, comfort, morals and general welfare.

relief; and the issue is not whether the board of appeals or board of trustees of the village erred or abused their discretion but whether the restriction as applied to plaintiff's property is arbitrary, unreasonable and without substantial relation to the public health, safety, comfort, morals and general welfare.

It is undisputed that the plaintiff sought appropriate relief both before the board of appeals and from the village authorities. Having applied in the first instance for administrative relief he is entitled to maintain the present suit. (See *Bright* v. *City of Evanston,* 10 Ill.2d 178, 186.) And since it is an original action for independent relief, rather than a proceeding to review the denial of a variation, the provisions of section 2 of the Administrative Review Act, making a proceeding thereunder the exclusive method of "review," do not constitute a bar. (*Fox* v. *City of Springfield,* 10 Ill.2d 198.) But to sustain the burden of proving invalidity of the restriction it is not enough to show that it works a hardship on the owner, or that a desired variation would not substantially impair the public health, safety, comfort, morals, or general welfare. One who assails its constitutionality as applied to a particular property must prove by clear and affirmative evidence that it constitutes arbitrary, discriminatory, or unreasonable municipal action, and that it will not promote the safety and general welfare of the public. (*Rams-Head Co.* v. *City of Des Plaines,* 9 Ill.2d 326; *First National Bank* v. *County of Lake,* 7 Ill.2d 213.) A presumption favoring validity always obtains where the proper authorities adopt a zoning ordinance pursuant to a legislative grant, and the burden is on the property owner to overcome it. *Reitman* v. *Village of River Forest,* 9 Ill.2d 448.

In the present case most of the evidence relates to whether the proposed addition would have an adverse effect upon public safety or some other object of the police power. Such matters, however, are largely beyond the scope of

the present inquiry. In this proceeding the only issue is whether the 25-foot rear yard requirement of the ordinance, as applied to plaintiff's property, is arbitrary, unreasonable, capricious, or discriminatory. A proceeding such as the present one is not an action to review the decision of the municipal authorities in refusing to grant a variation for the proposed addition, and the court cannot take any action to reclassify or rezone the property. *First National Bank* v. *County of Lake,* 7 Ill.2d 213, 224.

On the record before us we cannot say the present requirement, as applied to plaintiff's property, has no reasonable relationship to the purposes of the police power. It cannot be denied that the observance of a reasonable setback minimum tends to prevent the overcrowding of land, to promote safety from fire and other dangers, and to secure adequate light, air and sunshine. (See *Reitman* v. *Village of River Forest,* 9 Ill.2d 448.) While the plaintiff's lot is a shallow one, and the fixed setback leaves a smaller percentage of lot available for building than is the case with other lots in the area, this effect was known at the time the lots were laid out, and was brought about by the acts of the owner in determining the size and shape of the lot. The plaintiff thereafter obtained a building permit and constructed the present residence commensurate with the size of his lot. That the house has now become inadequate for his needs, by virtue of the growth of his family, in no way tends to show the provisions of the ordinance to be arbitrary or capricious. Nor is the presumption of validity overcome by conflicting testimony on the question whether a reduction of the setback to fifteen feet on plaintiff's property would increase the fire hazard or have an appreciable effect upon light and air. It is the primary province of the municipal body to which the zoning function is committed to draw the line of demarcation in such cases; and where there is room for a legitimate difference of opinion concerning the reasonableness of an ordinance governing the

use of private property, or where the question of reasonableness is fairly debatable, the courts will not interfere with the legislative judgment. *Herzog Bldg. Corp.* v. *City of Des Plaines,* 3 Ill.2d 206.

It is our conclusion that plaintiff failed to show by clear and affirmative evidence that the 25-foot rear setback requirement, as applied to his residence, is arbitrary or unreasonable. In view of such conclusion it becomes unnecessary to consider other contentions of the appellant. The decree of the circuit court of Cook County is reversed, and the cause is remanded to that court with directions to dismiss the complaint.

*Reversed and remanded, with directions.*