**Village of Glenview, a Municipal Corporation, Plaintiff-Appellee, v. H. Leonard Van Dyke, Defendant-Appellant.**

Gen. No. M–51,181.

First Judicial District.

July 8, 1968.

Arvey, Hodes & Mantynband, and Holland F. FlaHavhan, of Chicago, for appellant.

Robert J. Downing, of Chicago (Robert G. Lussier, Raskin, Downing & Dammann, of counsel), for appellee.

HOFFMAN, J.

This is an appeal testing the validity of a part of the zoning ordinance of the Village of Glenview. Questioned is that section which prohibits the outdoor parking of a camping trailer more than five feet tall upon a residential lot.

It is the defendant's theory that this section is unconstitutional and invalid because it has no relation to the public health, safety, morals or welfare, it is discriminatory, arbitrary and capricious, and prohibits a wholesome accessory use of private property which in no way injures the public. The Village, on the other hand, contends that the ordinance is presumed to be valid, and that such presumption can only be overcome by clear and convincing evidence, of which there is none.

The facts are not in dispute. It is agreed that the zoning ordinance of the Village, at the time in question, prohibited, as an accessory use of an improved residential lot, the outdoor parking of a camping trailer more than five feet tall. It is further agreed that the defendant

parked a trailer in his driveway in violation of this ordinance. These facts were established at the trial by the Village. No evidence was introduced by the defendant. Instead, he relied upon his constitutional arguments and defenses. The magistrate held the ordinance valid. This appeal follows.

The main contention between the Village and the defendant in this case is whether or not evidence was necessary to overcome the validity of the ordinance. The Village contended in the trial court, and contends here, that a zoning ordinance is clothed with a presumptive validity, and one who assails it, has the burden of proving, by clear and convincing evidence, that it is arbitrary and unreasonable. Cited are: Honeck v. County of Cook, 12 Ill2d 257, 146 NE2d 35; La Salle Nat. Bank v. City of Chicago, 4 Ill2d 253, 122 NE2d 519; Jacobson v. City of Evanston, 10 Ill2d 61, 139 NE2d 205; Mundelein Estates, Inc. v. Village of Mundelein, 409 Ill 291, 99 NE2d 144; Stemwedel v. Village of Kenilworth, 14 Ill2d 470, 153 NE 2d 79; and Skrysak v. Village of Mt. Prospect, 13 Ill2d 329, 148 NE2d 721. The defendant, who at the trial introduced no such evidence, argues that this ordinance is invalid for reasons appearing on its face and no evidence is needed to overcome it. He states that the ordinance attempts to fasten restrictions upon an accessory use of defendant's lot which bear no substantial relation to the public welfare. He points out that since the ordinance permits camping trailers up to five feet in height, the barring of larger trailers is an obviously arbitrary and unreasonable act. Moreover, he argues that the capriciousness of the ordinance appears on its face because it permits the parking of boats up to ten feet in height. Cited are: Suburban Ready-Mix Corp. v. Village of Wheeling, 25 Ill2d 548, 185 NE2d 665; Federal Elec. Co. v. Zoning Board, 398 Ill 142, 75 NE2d 359; and City of Chicago v. Sachs, 1 Ill2d 342, 115 NE2d 762.

It is shown by the Village that the section of the ordinance here involved was adopted by the Village Board only after three separate public hearings, and that this ordinance represents a legislative determination that the public interest required the restrictions of which defendant complains. It is argued that the judiciary should not nullify a legislative determination by an academic analysis detached from any meaningful factual framework.

The Village points out that a court, before being asked to set aside a zoning ordinance upon the grounds defendant relies upon, should have facts concerning existing uses and zoning of nearby property, extent of diminishment of property value, hardship upon the defendant, the size of lots upon which these trailers were prohibited, the side yard sizes, storage facilities elsewhere in the community, etc. The Village argues that all of these factors were considered by the Village authorities in making the legislative determination and that the court should not overturn such legislative judgment unless it is clearly shown that there was no reasonable basis upon which the Village could rest the enactment.

The defendant answers by saying that the issue here does not involve the broad problem of classification of property, where, it is admitted such evidence might be meaningful. Instead, he points out that the Village has made a legislative determination permitting the parking of camping trailers, and has only declared trailers above a certain size unlawful. This, he argues, raises only the pure legal question as to whether the Village may lawfully discriminate between trailers of different sizes. Defendant states that where the discrimination is apparent on the face of the ordinance and the relation to the public health and safety is not apparent, the municipality cannot rest on the presumption of validity, but must explain away the discrimination.

■■ It is well established that the zoning power of a municipality is not an unrestrained power and that zoning restrictions must bear a real and substantial relation to the public health, safety, morals or welfare. Taylor v. Village of Glencoe, 372 Ill 507, 25 NE2d 62. And, an ordinance which does not bear such a real and substantial relationship is invalid. Village of LaGrange v. Leitch, 377 Ill 99, 35 NE2d 346. Moreover, a zoning restriction may not operate arbitrarily or capriciously upon a citizen. Jacobson v. City of Evanston, supra; People ex rel. v. City of Chicago, 2 Ill2d 350, 118 NE2d 20.

■ The question of whether a zoning ordinance is arbitrary, unreasonable or capricious in its application to a given parcel of land, or whether it is reasonable and bears a substantial relation to the public welfare, is subject to review by the courts. Running through the multitude of zoning cases appearing in nearly every volume of the recent reports are general rules for deciding this question which are consistent in their restatement and unvarying in their application. Briefly, these rules are as follows: There is a presumption of validity in favor of a zoning ordinance adopted pursuant to a legislative grant; a person assailing such a validity has the burden of proving by clear and affirmative evidence that the ordinance is arbitrary, unreasonable or capricious, or bears no substantial relation to the public welfare; if it appears from all the facts that there is a difference of opinion concerning the reasonableness of the classification, the legislative judgment is conclusive; among the particular facts and circumstances to be taken into consideration in determining whether a zoning ordinance is so unreasonable and confiscatory as to constitute an unlawful invasion of private rights are the character of the neighborhood, the zoning classification and use of nearby properties, the extent to which property values are diminished by the particular zoning restriction

involved, and the gain to the public compared to the hardship on the individual property owner. Exchange Nat. Bank of Chicago v. Cook County, 25 Ill2d 434, 185 NE2d 250; Rams-Head Co. v. City of Des Plaines, 9 Ill2d 326, 137 NE2d 259; Reitman v. Village of River Forest, 9 Ill2d 448, 137 NE2d 801; Honeck v. County of Cook, supra; Krom v. City of Elmhurst, 8 Ill2d 104, 133 NE2d 1; Stemwedel v. Village of Kenilworth, supra; Jacobson v. City of Evanston, supra; Gregory v. City of Wheaton, 23 Ill2d 402, 178 NE2d 358.

 Although there is no Illinois case particularly on all fours with the instant one, somewhat analogous situations have been litigated. One such analogous situation is the zoning ordinance which regulates the intensity of lot use. The authority to permit this was confirmed in Cosmopolitan Nat. Bank v. Chicago, 22 Ill2d 367, 176 NE 2d 795. It must therefore be presumed that the general legislative purpose of such a requirement is valid and bears a reasonable relation to the public health, safety and welfare. See: Exchange Nat. Bank of Chicago v. Chicago, 28 Ill2d 341, 192 NE2d 343. The same argument used here was made in the Cosmopolitan Bank case. There the use to which plaintiffs wished to devote their property was permissible under the applicable zoning classification. Their minimum lot area requirements, however, prevented them from an otherwise legitimate use of their property.

Other cases have upheld minimum lot area limitations. See Honeck v. County of Cook, supra; First Nat. Bank of Skokie v. Chicago, 25 Ill2d 366, 185 NE2d 181; Galpin v. Village of River Forest, 26 Ill2d 515, 187 NE2d 233; Lapkus Builders, Inc. v. Chicago, 30 Ill2d 304, 196 NE2d 682. In Stemwedel v. Village of Kenilworth, supra, a minimum rear yard depth was approved.

The cases which defendant cites are not in point nor are they persuasive. In Suburban Ready-Mix Corp., supra, under the guise of a zoning regulation, the prohibition of

a legitimate business from a city was involved. In Federal Elec. Co., supra, the problem of a nonconforming use was involved and the court merely held that the additional structure complained of did not expand the original use to which the land was put. The holding was that the city could not limit a structure which was being maintained in connection with a nonconforming use. In City of Chicago v. Sachs, there obviously was no real difference upon which to vary the classifications of the schools involved.

██ Zoning is for the benefit and best interest of the community as a whole rather than for the benefit of an individual. Skrysak v. Village of Mt. Prospect, supra. It is the primary province of the municipal body to which the zoning function is committed to draw the line of demarcation in such cases, and where there is room for a legitimate difference of opinion concerning the reasonableness of an ordinance governing the use of private property, or where the question of reasonableness is fairly debatable, the courts will not interfere with the legislative judgment. Stemwedel v. Village of Kenilworth, supra. The establishment of a neighborhood of homes in such a way as to avoid congestion in the streets, to secure safety from fire and other dangers, to prevent overcrowding of land, to obtain adequate light, air and sunshine, which when such neighborhood is established would tend to improve and beautify the Village and would harmonize with the natural characteristics of the locality, could be materially facilitated by the regulation here in question.

██ The record before us is completely devoid of any evidence demonstrating that the application of the zoning regulation involved is so clearly unreasonable as to render it unconstitutional and void. The discrimination of which plaintiff complains is not apparent upon the face of the ordinance in question, nor is its lack of relationship to the public health and safety inapparent. Consequently,

for the reasons set forth, and upon the record before us, we cannot say that the regulation, as applied to defendant's property, has no reasonable relationship to the purposes of the police power.

Accordingly, the judgment appealed from is affirmed.

Affirmed.

ALLOY, P. J. and STOUDER, J., concur.