**William F. Whittingham and Marie Whittingham, His Wife, Plaintiffs and Appellees, v. Village of Downers Grove, Defendant and Appellant.**

Gen. No. 68–42.

Second Judicial District.

November 21, 1968.

Raymond S. Osheroff, Schiff, Hardin, Waite, Dorschel and Britton, of Chicago, and Gordon C. Bunge, of Downers Grove, for appellant.

Hooper, Bowers, Calkins & Carney, of Downers Grove, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

The plaintiffs brought this suit to have the defendant's zoning ordinance declared invalid as applied to their property. The trial court, in a bench trial, entered judgment for the plaintiffs, from which the defendant appealed.

In support of their case, the plaintiffs offered two expert witnesses, in addition to the testimony of one of the plaintiffs. The defendant offered no evidence, other than one exhibit which showed the subdivision in question at the time prior to its resubdivision. Instead, it elected to rely upon the evidence presented by the

plaintiffs, the presumption favoring the validity of its zoning ordinance, and its contention that the plaintiffs' proof was not sufficient to overcome this presumption.

The plaintiffs' proof indicated that they acquired the property in question in 1954, at which time it was zoned for single-family residence use. In 1965, it was rezoned R–5 for two-family residence use. On February 1, 1966, the plaintiffs filed an application requesting that the property be rezoned R–6 for multiple-family use, which was denied.

The property contains approximately 277 feet fronting on Lindley Street and is approximately 240 feet deep throughout most of the area. It was resubdivided into three lots fronting on Lindley Street in 1965 and at that time it was given a two-family residence zoning classification.

Presently, there is only one frame residence on said three lots. It is located on the middle lot and is used as a two-family residence. The plaintiffs seek to rezone only Lot 3, that being the southernmost lot, nearest Ogden Avenue. Lot 3 has a frontage of 95 feet on Lindley Street. The plaintiffs intend to build a twelve-family apartment building on this lot.

Immediately south of the property sought to be rezoned is an alley. A service station, with a large illuminated sign, is located south of the alley and on the corner of Lindley Street and Ogden Avenue. It fronts on Ogden Avenue—a main thoroughfare—which is developed commercially. To the east of the service station, in the same block and fronting on Ogden Avenue, is a florist shop; to the west, and across Lindley Street, is a pizza parlor. As indicated earlier, the two lots, immediately north of the one in question, are zoned two-family. The balance of the property to the north—on Lindley Street—is zoned single-family. The record is not clear as to whether the service station and the large illuminated sign were both

168

in existence when the plaintiffs purchased the property; however, the other business uses were. The blocks to the east and to the west of Lindley Street are built up with single-family residences.

The plaintiffs' witnesses testified that the land in question, as presently zoned, had a value of approximately $7,500. They were of the opinion that if zoned for multiple-family use, it would then be worth up to $30,000. Both witnesses were of the opinion that the zoning sought by the plaintiffs would have no depreciating effect on the surrounding property. They testified that the single-family dwellings on Lindley Street were modest and well-maintained; that the street itself was asphalt with no curbs or walks; and that the homes in the immediate vicinity suffer a depreciating effect from the commercial developments along Ogden Avenue. It was their opinion that the multiple-family zoning—adjoining the two-family zoning immediately to the north—would provide a buffer from the commercial development along Ogden Avenue.

Both expert witnesses testified that the highest and best use of the premises was for multiple-family use. One of the experts stated that in reaching this conclusion, he regarded the highest and best use as that calculated to give the greatest net return to the owner, keeping in mind that such use must be compatible with the existing uses in the area and that no undue depreciation accrues to the adjoining owners. These witnesses also testified that there were multiple-family developments adjoining commercial properties elsewhere along Ogden Avenue; and that there was a need for apartment units in the Village.

The various legal principles and factors relevant to the determination of the validity of a zoning ordinance as applied to particular property are well known, have often been repeated, and need not be set forth in detail here. See: Exchange Nat. Bank of Chicago v. Cook County, 25

Ill2d 434, 440, 185 NE2d 250 (1962) ; First Nat. Bank of Lake Forest v. County of Lake, 7 Ill2d 213, 224–227 incl., 130 NE2d 267 (1955).

 The defendant stresses that the plaintiffs must prove by "clear and convincing evidence" that the zoning ordinance as applied to plaintiffs' property is arbitrary and unreasonable and has no substantial relation to the public health, safety or welfare. Stemwedel v. Village of Kenilworth, 14 Ill2d 470, 474, 153 NE2d 79 (1958). The plaintiffs concede that this is their burden and assert that their undisputed evidence is sufficient for this purpose.

 Whether the plaintiffs' evidence is sufficient to sustain their burden does not rest on any one particular factor. It is the totality of the facts in each particular case that determines its outcome and the existing uses and zoning classifications of nearby property are the factors of paramount importance. Ryan v. City of Elmhurst, 28 Ill2d 196, 198, 190 NE2d 737 (1963) ; First Nat. Bank & Trust Co. of Evanston v. County of Cook, 15 Ill2d 26, 31, 153 NE2d 545 (1958) ; Kellett v. County of DuPage, 89 Ill App2d 437, 442, 443, 231 NE2d 706 (1967).

The plaintiffs' evidence was undisputed. Their witnesses stated that the requested zoning would have no deleterious or depreciating effect on the nearby properties; that the value of such properties as single-family residences had already been depreciated to the maximum because of the commercial uses in the area; and that the proposed use would have no adverse effect on the commercial uses to the south, to the east and to the west, or on the two-family use, immediately to the north.

The plaintiffs offered evidence to show that the denied rezoning would be beneficial to them and not harmful to the public, and, the defendant did not controvert the plaintiffs' evidence that the present zoning does impose a substantial hardship on the plaintiffs. In proper cases, our courts have held that undisputed evidence of a sub-

stantial hardship upon a landowner resulting from a zoning classification, without a gain of some significance resulting to the public therefrom, warrants a court to declare the zoning restriction unconstitutional. Chicago Title & Trust Co. v. Village of Wilmette, 27 Ill2d 116, 125, 126, 188 NE2d 33 (1963); Weitling v. County of DuPage, 26 Ill2d 196, 199, 186 NE2d 291 (1962); Kovack v. Village of La Grange Park, 18 Ill2d 233, 236, 237, 163 NE2d 451 (1960). These cases hold that it is not the owner's loss of value alone that is significant, but the fact that the public welfare does not require the restrictions and the resulting loss. The rule does not relieve the plaintiff of proving that the zoning classification in question constituted an arbitrary, discriminatory or unreasonable municipal action.

■ In Stemwedel v. Village of Kenilworth, supra, at page 474, the court stated:

"It is undisputed that the plaintiff sought appropriate relief both before the board of appeals and from the village authorities. Having applied in the first instance for administrative relief he is entitled to maintain the present suit. . . . But to sustain the burden of proving invalidity of the restriction it is not enough to show that it works a hardship on the owner, or that a desired variation would not substantially impair the public health, safety, comfort, morals, or general welfare. One who assails its constitutionality as applied to a particular property must prove by clear and affirmative evidence that it constitutes arbitrary, discriminatory, or unreasonable municipal action, and that it will not promote the safety and general welfare of the public. (Rams-Head Co. v. City of Des Plaines, 9 Ill2d 326; First National Bank v. County of Lake, 7 Ill2d 213.) A presumption favoring validity always obtains where the proper authorities adopt a zoning ordinance pur-

171

suant to a legislative grant, and the burden is on the property owner to overcome it. Reitman v. Village of River Forest, 9 Ill2d 448."

However, the plaintiffs' testimony also conclusively established that the plaintiffs' property is located in an area which is single-family residential and abuts a commercial strip fronting on Ogden Avenue; that Lindley Street, with the exception of a vacant lot and plaintiffs' two-family residence, is completely built up with single-family residences; and that the block to the east and to the west of Lindley Street are completely single-family.

While the trial court found that the plaintiffs' evidence was clear and convincing as to the invalidity of the zoning ordinance as applied to their property, we do not believe that it gave due weight to the presumption of the validity of the ordinance. On the record we cannot say that the R–5, two-family zoning, as applied to the plaintiffs' property, has no reasonable relationship to the purposes of the police power. It cannot be denied that the two-family classification would serve as a buffer between the business uses on Ogden Avenue and the single-family uses on Lindley Street, and on the block to the east and to the west.

It is the primary province of a municipal body to draw the demarcation line for zoning uses; and where there is room for a legitimate difference of opinion concerning the reasonableness of an ordinance governing the use of private property or where the question of reasonableness is fairly debatable, the courts will not interfere with the legislative judgment. Stemwedel v. Village of Kenilworth, supra 475, 476.

In Kellett v. County of DuPage, supra, at page 442, we stated:

"A presumption exists in favor of the validity of the existing zoning ordinance, and to overcome this

presumption the plaintiffs must establish by clear and convincing evidence that, as applied to their property, the ordinance is arbitrary and unreasonable and without substantial relation to the public health, safety, comfort, morals or general welfare. Bennett v. City of Chicago, 24 Ill2d 270, 273, 274, 181 NE2d 96 (1962); Padgett v. City of Oakbrook Terrace, 89 Ill App2d 244, 231 NE2d 466 (1967); Mutz v. Village of Villa Park, 83 Ill App2d 1, 8, 9, 226 NE2d 644 (1967). Within these limits, the fixing of zoning lines is a matter of legislative discretion. Thus, the party challenging the validity of the ordinance has the burden of proving by clear and convincing evidence that the City has abused its legislative discretion in classifying the subject property in a given manner. Such proof must establish not merely that the property could reasonably be classified as plaintiffs wish, nor indeed that the court would classify it otherwise. The plaintiffs must establish that the legislative decision as to the property is 'clearly unreasonable' in order to show an abuse of discretion. Jans v. City of Evanston, 52 Ill App2d 61, 68, 201 NE2d 663 (1964)."

This statement is applicable to the case at bar.

■ ■ Since each zoning case must be determined upon its own unique factual circumstances, a municipality takes a substantial risk when it relies solely upon the facts established by the plaintiffs' evidence and the presumption of an ordinance's validity to sustain it. However, in the case at bar we do not believe that the evidence is clear and convincing that the zoning ordinance as applied to plaintiffs' property is unreasonable and arbitrary and bears no reasonable relation to the public health, safety and welfare. There is room for a legitimate difference of opinion concerning the reasonableness of the ordinance, and this being the case, the legislative

judgment is conclusive. Mutz v. Village of Villa Park, 83 Ill App2d 1, 11, 226 NE2d 644 (1967) ; Koplos v. City of Rockford, 62 Ill App2d 268, 273, 210 NE2d 629 (1965).

Consequently, the judgment of the trial court is reversed.

Judgment reversed.

ABRAHAMSON, P. J. and SEIDENFELD, J., concur.