FRANK PERKO, et al., Plaintiffs-Appellants v. CITY OF PALOS HEIGHTS, Defendant-Appellee, (STANDARD BANK AND TRUST COMPANY, et al., Intervenors-Appellees.)

(No. 54711; ▮▮▮▮▮▮▮▮)

First District—September 10, 1971.

Paul Peter Black, of Skokie, for appellants.

Warren L. Swanson, of Palos Heights, for Defendant-Appellee, Gallagher & Petrak, of Chicago, for Intervenors-Appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff landowners brought this action seeking a declaration of the unconstitutionality of the City of Palos Heights' zoning ordinance as applied to plaintiffs' property. The Circuit Court gave judgment for the defendant City and plaintiffs appeal.

Plaintiffs are the owners of two vacant lots fronting on Harlem Avenue south of 128th Street. They desire to erect a self-service car wash thereon. Plaintiffs' property is zoned "B Business District." Automatic car washes under the City's zoning ordinance are permitted in a "B" Business District only as "Special Uses". Plaintiffs made application to the City for a special use permit to erect the proposed car wash. On February 26, 1968, a public hearing was conducted by the City's zoning board of appeals. At that hearing plans illustrating the type of structure proposed were presented and plaintiff Frank Perko testified in detail concerning the location and construction of the proposed structures. Thereafter the zoning board recommended approval of a special use permit. Subsequently, the City's Council's Planning and Zoning Committee considered the recommendation of the zoning board and in turn recommended to the City Council that a special use permit be granted. However, upon presentation of the application to the full City Council the special use permit was denied.

Plaintiffs thereafter brought this declaratory judgment action which *inter alia,* prayed:

"(1) That the Court declare the zoning ordinance of the City of Palos Heights as applied to the subject property to be arbitrary and unreasonable, bearing no substantial relationship to the health, safety, morals and welfare of the community and that it is therefore unconstitutional and void.

(2) That the court declare the zoning ordinance of the City of Palos Heights as applied to the subject property to be destructive of and irreparably damaging to the value of the subject property and constitutes a taking of plaintiffs' property without due process of law; that it is discriminatory, and that it is therefore unconstitutional."

■■ At the outset we must consider the City's contention on appeal that the denial of a Special Use permit by the City Council is a legislative decision and not subject to judicial review. Zoning ordinances

employing the concept of "special uses" retain the usual residential, commercial, and industrial zones, specifying the uses permitted in each zone. For each zone, however, special uses also are designated which will be permitted within the zone only if specifically approved by the zoning board or the governing legislative body. (See *Kotrich v. The County of Du Page,* (1960) 19 Ill.2d 181.) Because approval or denial of the permit in each instance is a legislative act it has been held that the jurisdiction of the courts to review special use permit proceedings is limited. See *Klein v. Village of La Grange* (1968), 93 Ill.App.2d 318.

However, there can be no doubt that judicial review of special use proceedings is available in appropriate cases. In *Pioneer Trust & Savings Bank v. McHenry Cty.* (1968), 41 Ill.2d 77 the court said at 84:

"Because a special or conditional use zoning ordinance does not allocate any particular zones for the establishment of these unique uses as a matter of right, the local zoning authorities are vested with broad powers in determining the suitability of a given site for a proposed special or conditional use. For this reason avenues of judicial review must be at least as readily available to the property owner who seeks to establish a special or conditional use as they are in the normal zoning case where courts stand ready to determine whether the exercise of zoning power "involves an invasion of private rights without reasonable relation to the public welfare."

The decisions in this area were recently reviewed in *Elmhurst-Chicago Stone Co. v. County of Kane,* 129 Ill.App.2d 190 (1970). The court there concluded at p. 197:

"In a declaratory judgment proceeding of this nature, as opposed to administrative review, plaintiff may not purely seek judicial review from an adverse legislative determination which denies a special use permit, without directly attacking the constitutionality of the underlying zoning classification as applied to his property. See Klein v. Village of LaGrange, 93 Ill.App.2d 318, 325, 236 N.E.2d 351 (1968). Judicial review of the denial of the special use permit is available in this action only by a challenge to the constitutionality of the underlying zoning classification. Hartung v. Village of Skokie, 22 Ill.2d 485, 498, 177 N.E.2d 328; Pioneer Trust & Savings Bank v. McHenry County, supra, at page 84.

However, from a review of the pleadings and the evidence, we believe that the plaintiff has essentially challenged the underlying zoning. We, therefore, approach the record from this standpoint and apply the traditional tests which govern review of zoning ordinances. These have been often stated. See Pioneer Trust & Savings Bank v. McHenry County, supra, at page 85; Hedrich v. Kane County, 117 Ill.App.2d 169, 174, 253 N.E.2d 566 (1966); Whittingham v. Village

of Downers Grove, 101 Ill.App.2d 166, 172, 173, 242 N.E.2d 460 (1968); Schiffer v. Village of Wilmette, 105 Ill.App.2d 80, 245 N.E.2d 143 (1969)."

■■ As plaintiffs' complaint, *supra*, indicates, their challenge is directly aimed at the constitutionality of the underlying zoning ordinance as applied to their property. Accordingly, defendants' motion to dismiss the appeal is denied. See *Elmhurst-Chicago Stone Co. v. County of Kane*, 129 Ill.App.2d 190 at 197.

We now turn to plaintiff's contention on appeal that the court erred in refusing to permit redirect examination of plaintiff Frank Perko which they argue would have proved the identity of the plan offered at trial and the plan previously acted upon by the City Council.

At trial plaintiff Frank Perko was the first witness. He testified at length, using exhibits to illustrate certain details of the proposed construction and its position upon the subject property. On cross-examination he admitted that the exhibits he offered at trial were not the same ones presented to the zoning authorities.

Thereafter the City moved to dismiss on the grounds that plaintiffs had failed to exhaust their administrative remedies because they had not presented to the zoning authorities the proposal they were advancing before the court. The Court stated, "I'm going to dismiss the complaint, because you asked the court for one thing. You submitted another thing."

Subsequently, in a post-trial motion to vacate the judgment plaintiffs submitted a written offer of proof. The offer of proof indicated that if plaintiff were permitted to testify on redirect examination he would give testimony which would show that the proposal presented to the zoning board through exhibits and testimonial modification thereof did not differ in any material respect from the proposal offered at trial. The court denied the post-trial motion.

■■ We agree with plaintiffs that the court erred in refusing to permit the redirect examination of the witness. (See, for example *Smith v. City of Rock Island* (1959), 22 Ill.App.2d 389.) Nor could it be argued that plaintiffs were obligated to present precisely the same evidence at trial as had been presented to the zoning board. *Fiore v. City of Highland Park* (1966), 76 Ill.App.2d 62, 66.

The judgment is therefor reversed and the cause remanded for further proceedings.

Reversed and remanded.

ENGLISH, P. J., and DRUCKER, J., concur.