LOWELL JOHNSON *et al.*, Plaintiffs-Appellees, *v.* THE VILLAGE OF MORTON, Defendant-Appellant.

Third District    No. 75-406

Opinion filed July 30, 1976.—Rehearing denied September 1, 1976.

Frank M. Wanless, of Morton, for appellant.

James A. Cummings, of Peoria, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant, Village of Morton, appeals from a declaratory judgment order holding a section of defendant's zoning ordinance unconstitutional. The challenged provision reads as follows:

> "(Section) 10—5—1 Required Conditions: The following uses are permitted in all residential zones subject to the following conditions:
>
> * * *
>
> (R) One unoccupied camper, camping bus, camping trailer, boat, boat trailer, or similar vehicle may be parked in the side yard or rear yard of a lot if it does not project beyond the front of the residence or garage."

Plaintiffs' complaint alleged that they owned lots in residential zones and owned vehicles described in section 10—5—1(R) which they parked on

their driveways. After a hearing consisting of the arguments of counsel, the trial court granted plaintiff's motion for judgment on the pleadings and entered the declaratory judgment, finding that the provision was discriminatory and unreasonable.

As no evidence was presented to the trial court, the issue before this court is whether the zoning provision is void on its face.

The applicable principles are well established. A zoning statute is presumed valid and, unless clearly unreasonable on its face, the party challenging its validity must establish by clear and convincing evidence that the provision is arbitrary and has no substantial relation to the public health, safety or welfare. (*Village of Cahokia v. Wright* (1974), 57 Ill. 2d 166, 311 N.E.2d 153.) Zoning is primarily a legislative function, and where room exists for a difference of opinion concerning the reasonableness of a classification, the legislative judgment must prevail. *La Salle National Bank v. City of Evanston* (1974), 57 Ill. 2d 415, 312 N.E.2d 625; *La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 145 N.E.2d 65.

In *Village of Glenview v. Van Dyke* (1st Dist. 1968), 98 Ill. App. 2d 118, 240 N.E.2d 354, the court upheld a statute which prohibited the outdoor parking of a camping trailer more than five feet in height upon a residential lot. Citing *Stemwedel v. Village of Kenilworth* (1958), 14 Ill. 2d 470, 153 N.E.2d 79, the court stated:

"The establishment of a neighborhood of homes in such a way as to avoid congestion in the streets, to secure safety from fire and other dangers, to prevent overcrowding of land, to obtain adequate light, air and sunshine * * * could be materially facilitated by the regulation here in question." 98 Ill. App. 2d 118, 125.

■■ The record before us is completely devoid of evidence demonstrating that this provision is so clearly unreasonable as to render it void. The discrimination of which plaintiff complains is not apparent on the face of the statute, nor is its relationship to the public health, safety and welfare so attenuated as to be unreasonable. (*Village of Glenview v. Van Dyke.*) The provision restricts the parking of a class of vehicles to specified portions of residential lots, and thus is not as restrictive as the ordinance in *Glenview*. In the absence of evidence to the contrary, this provision appears reasonably related to traffic congestion, lot density and light and air considerations. Consequently, we cannot say that this provision, on its face, is unconstitutional.

■■ Plaintiff also contends that the provision is vague for purposes of determining what vehicles are subject to regulation. "Camper" is defined in section 1—109 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 1—109) and section 3—815(b) of that Code provides for the licensing of recreational vehicles and camping trailers. "Boat" is defined in section 2 of the Boat Registration and Safety Act (Ill. Rev. Stat. 1975, ch. 95½, par.

311—2). Thus we believe that these terms are sufficiently specific. Moreover, plaintiff's complaint describes plaintiffs as owners of vehicles subject to this provision. Therefore, this contention has no merit.

As we believe that plaintiff's motion for judgment on the pleadings should not have been granted, the declaratory judgment order entered herein by the trial court on August 13, 1975, is reversed.

Reversed.

STOUDER, P. J., and BARRY, J., concur.